## APPEAL OF WASHINGTON CADILLAC CO.

Docket No. 4471.   Submitted November 17, 1925.   Decided February 18, 1926.

Additional compensation paid by the taxpayer to its president in each of the fiscal years ended September 30, 1921, and September 30, 1922, *held* deductible from gross income.

*J. C. Peacock, Esq.*, for the taxpayer.
*George G. Witter, Esq.*, for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a net deficiency for the fiscal years ended September 30, 1921, and September 30, 1922, of $572.10. The point in issue is the right of the taxpayer to deduct from gross income for each year $4,800 additional compensation paid to its president. The additional deduction was allowed for the year ended September 30, 1922, but disallowed for the year ended September 30, 1921.

### FINDINGS OF FACT.

The taxpayer is a corporation, with its principal place of business in the District of Columbia. It was formerly known as Cook & Stoddard Co., and Joseph M. Stoddard was president. Stoddard died in 1919, whereupon the name of the corporation was changed to Washington Cadillac Co., and Rudolph Jose was made president. On or about January 31, 1919, all of the stockholders entered into a verbal contract with Jose, whereby it was agreed that he was to receive $600 per month for his services as president and treasurer, and, further, that after the results of each year's operations had been determined, provided the profits were sufficient, he was to receive additional compensation at the rate of $400 per month. This verbal contract has been carried out consistently to the present time. At a meeting of the board of directors held November 19, 1919, additional compensation was voted to Jose of $3,200 (being eight months at $400 per month), for the year ended September 30, 1919; and at a meeting held December 8, 1920, additional salary was voted of $4,800 for the year ended September 30, 1920; at a meeting held December 22, 1921, additional salary was voted of $4,800 for the year ended September 30, 1921; and at a meeting held December 28, 1922, additional salary was voted of $4,800 for the year ended September 30, 1922. The additional compensation voted for each year was paid forthwith.

The taxpayer kept its books of account and made its income-tax returns upon the accrual basis. In its return for the year ended September 30, 1921, it reported the salary of its president, Rudolph

Jose, as being $7,200, but claimed the deduction from gross income of that amount and, in addition, $4,800 for the bonus paid.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 7 days' notice, in accordance with Rule 50.

### OPINION.

SMITH: In its return for the fiscal year ended September 30, 1921, the taxpayer claimed a deduction from gross income of a bonus of $4,800 paid to its president. The Commissioner disallowed the deduction of $4,800 from the gross income of the taxpayer for the fiscal year ended September 30, 1921, on the ground that the taxpayer kept its books of account upon the accrual basis and the bonus paid to the president for that year was not voted until December, 1921, which was after the close of its fiscal year.

This bonus was paid under an agreement made by the stockholders of the taxpayer with its president in 1919. This agreement was that, in addition to a salary of $7,200 per year, the president should receive a bonus for each fiscal year at the rate of $400 per month, provided the profits of the business for each year were sufficient to pay such bonus. The bonus was voted by the board of directors in December of each of the years 1919, 1920, 1921, and 1922.

There was no element of distribution of profits in the payment of this bonus to the president. The regular salary of $7,200 per year, plus the bonus of $4,800 per year, was only a reasonable salary for him. As we understand the situation, the Commissioner has disallowed the deduction of any bonus from the gross income of the fiscal year ended September 30, 1921, on the ground that the taxpayer kept its books of account upon the accrual basis; that the bonus paid in December, 1921, did not accrue during the fiscal year ended September 30, 1921; and that the amount of $4,800 paid in December, 1920, was for services performed during the preceding fiscal year ended September 30, 1920, and was therefore not an accrual of the fiscal year ended September 30, 1921.

It will be noted that by this reasoning the taxpayer has been permitted to deduct less than the entire amount of compensation paid to its president merely by reason of the fact that it has kept its books of account on the accrual basis and not on the cash basis. We think that this reasoning is not logical. If the bonus paid in December, 1921, was not an accrual of the preceding fiscal year, then the bonus paid in December, 1920, was an accrual of that year. *Appeal of Lihue Plantation Co.*, 2 B. T. A. 740.